COFFIN (PAYSON v.). See Cases Nos. 10,-858 and 10,859.

## Case No. 2,951.

### COFFIN v. SHAW.

[21 Law Rep. 463.]

Circuit Court, D. Massachusetts. May Term, 1856.[1]

SEAMEN'S WAGES — DESERTION BY MINOR — RIGHT OF FATHER — MEASURE OF DAMAGES.

1. Where a minor, with the assent and allowance of his father, signed shipping articles for a whaling voyage, in the course of which, after arriving at full age, he deserted, it was *held* that, at the common law in Massachusetts,

---

[1] [Affirming Case No. 2,952.]

such desertion did not work a forfeiture of the father's right to his wages during minority.

2. The effect of the father's assent is to make it a contract with himself to the extent of his legal interest, namely, the term of minority, after which neither father nor son is bound.

3. The measure of damages in such case is the value of the son's proportion of the oil taken during his minority.

[Appeal from the district court of the United States for the district of Massachusetts.

[In admiralty. Libel by Jesse Coffin against John H. Shaw. There was a decree for libellant (Case No. 2,952); and respondent appeals.]

Mr. Stone, for appellant.
Mr. Cushman, contra.

CURTIS, Circuit Justice. This libel was filed to recover the share or lay of the minor son of the libellant, earned in a whaling voyage on board the ship Alabama. The minor, with the assent and allowance of the father, signed a shipping paper at Nantucket, in the month of May, in the year 1846, for a whaling voyage to the Pacific ocean and elsewhere. The boy arrived at full age on the seventeenth of August, 1850, and on the twenty-first day of the following November deserted, while the vessel was lying at the Sandwich Islands. It is insisted that this desertion worked a forfeiture of the lay earned by the minor during his minority, and so the father cannot recover. The argument is, that the son contracted, by signing the shipping paper, to serve during the entire voyage: that, as he made this contract with his father's consent, he represented and bound his father, and, consequently, the express contract to perform the entire voyage being broken, the father's rights are forfeited. But this argument assumes several positions which I think untenable. A father is entitled to the earnings of his minor children, and if one of them enters into an express written contract for work and labor, at a certain rate, to be performed during his minority, in his own name, the father may recover a compensation for such work. If the father did not assent to the contract, or allow his son to make it, he can recover on a quantum meruit, which the law implies; if he did assent, the contract affords the measure and conditions of the compensation. And if the nature of the contract which the father assents to is such that there is to be no compensation if the entire work shall not be performed, then the father can recover nothing for part performance, because the employer has not agreed to pay any one any amount for part performance; and the law will not imply a promise to pay for that, for which, by an express contract it appears that there was to be no payment. So that the true inquiry in this case is, whether there was an express contract made by the son, and assented to by the father as binding his rights, by force of which no compensation was to be made if the son

should desert the vessel after he became of age.

To determine this question, it will be useful to consider what would have been the legal effect of this contract by the son, if he had been emancipated; or, as it is familiarly expressed in New England, if he had had his time given him by his father. In Vent v. Osgood, 19 Pick. 572, it was held, that if a minor, after the death of his father, ship himself in a whale ship, the contract is voidable; and is avoided by his leaving the vessel before the completion of the voyage; and he may thereupon recover in a quantum meruit for his services. In my opinion this case contains a correct exposition of the common law of Massachusetts, where the contract now in question was made. It follows that, if the minor in this case had contracted without the assent of his father, his desertion of the vessel, on the first opportunity which occurred after he became of age, would not have worked a forfeiture; his express contract would have been avoided, and he would have been remitted to his rights, independent of that contract. What then is the effect of his father's assent? Simply, that so far as it is a contract for service during minority, it becomes a contract with the father, which he may enforce, and by which he is obliged, and which is not voidable by the minor, not being for his account. But neither the father nor the son is bound by the contract any further than this. The assent of the father is only to a contract for service by his son during minority; further than that he has no legal interest, and no legal right. And the son is not bound to serve after he comes of age. His own agreement, independent of his father's assent, does not bind him; for, being under age, his contract is voidable, and his father's assent to it can have no operation after he becomes of age, and the parental control and right to his services no longer exist. It is true the father may contract that his son shall begin a voyage during his minority, and serve while he continues under age, and not desert before the completion of the voyage, though, it should not be terminated until after the son's majority. Under such a contract, what would be the legal effect of a desertion by the son, after his majority, upon the rights of the father to the stipulated compensation for his services while under age, may admit of doubt. So far as respects the service of majority, such a contract would be in the nature of a suretyship and the compensation for its breach might not be a forfeiture, but damages. But however this may be, the libellant has made no such contract. His assent to the contract made by his son cannot be carried further than his right and interest in that contract. Its legal effect was, that to the extent of the father's interest in the subject matter, that is, the services of the son during minority, the son contracted on the father's account, and as

his representative. But beyond this the son did not represent the father; he acted for himself. My opinion therefore, is that there was no breach of any contract by the father; that so far as he was concerned the agreed service was fully performed and consequently there was no forfeiture.

It should be observed that this is not a case of statute desertion, the effect of which, by force of the act of congress, may be different from the effect attached to the same act by the principles of the maritime law. But upon that I give no opinion.

Another question has been made, whether the libellant should recover the value of his son's proportion of the oil taken during his minority, or only such a proportion of an entire lay as the time before he arrived at full age bore to the whole time spent in the voyage. The district court adopted the former rule. It is most consistent with the nature of the contracts of seamen in whaling voyages, and I think it the proper rule. The decree of the district court is affirmed, with six per cent. damages and costs.